IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID SCHALK, M.D. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 04-321 GMS |
| | ) | |
| BAYHEALTH MEDICAL CENTER, INC., | ) | |
| a Delaware Corporation, BAYHEALTH, | ) | |
| INC. and ANESTAHEALTH, P.A., a | ) | |
| Delaware Corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**STIPULATION AND ORDER**

IT IS STIPULATED between the parties, subject to the approval of the Court that:

1. This Order and Agreement shall govern, pursuant to Fed. R. Civ. P. 26(c), the use, handling and disclosure of all documents, testimony or information produced or given in this action that are designated to be subject to this Order and Agreement in accordance with its terms.

2. "Confidential Material" means documents or information that the producing party in good faith designates as "Confidential," except for documents or information already in the public domain or which is made public at any point during this

3. This Order and Agreement has no effect upon, and shall not apply to, any party's use of documents or other information developed or obtained independently of discovery in this action for any purpose.

4. The designation of discovery material as "Confidential" for purposes of this Stipulation shall be made in the following manner:

a. In the case of documents or other materials (apart from depositions or other pretrial testimony): Confidential Material shall be so designated by stamping or marking each page of the document (containing Confidential Material) with the legend "CONFIDENTIAL," except that in the case of multi-page documents bound together by staple or other permanent binding, the word "Confidential" need only be stamped on the first page in order for the entire document to be treated as Confidential. The term "documents" shall include all tangible written, recorded, or graphic material, in any form or media, including via computer diskette, whether produced or created by a party or another person, and includes, without limitation, affidavits, interrogatory answers and responses to requests for admissions, and any portion of any of the above.

b. In the case of depositions or other pretrial testimony: (i) by statement on the record at a deposition or (ii) within 30 days after receiving a deposition transcript volume, any of the parties or the deponent may designate as Confidential Material, by notice on the record at the deposition or in writing to counsel for all parties and the

day period, all of the testimony contained in the transcript volume and all exhibits shall be treated as Confidential Material.

5. To the extent that any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the court incorporate documents or information designated confidential under the terms of this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," and shall file them with the clerk under seal.

6. Confidential Material and all information derived therefrom (including, but not limited to, all testimony, deposition or otherwise, that refers, reflects or otherwise discusses in a manner that discloses any information designated confidential hereunder), shall not be used, directly or indirectly, by any person, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for purposes of prosecuting or defending this lawsuit.

7. This Order and Agreement shall not restrict the use or disclosure of documents or information not obtained through discovery in this action, or documents or information which have been obtained as a result of this action, but which have not been designated by the parties as Confidential.

8. Any party that receives Confidential Material may disclose such Material only to:

    (a) the parties and their counsel;

    (c) fact witnesses, other than the parties and their counsel, during the course of and, to the extent necessary, in preparation for, depositions or testimony in this lawsuit; and

    (d) the Court.

  9. Before any non-party (or non-party's counsel) is given access to Confidential Material, that person shall be given a copy of this Order and Agreement and advised that the documents or information comprising such Confidential Material are being disclosed pursuant to and subject to the terms of this Order and Agreement and may not be disclosed or used other than in accordance with its terms. Before obtaining access to such documents or information, the individual to whom disclosure is to be made shall sign an affidavit containing the following statement:

> I have received and read a copy of the Stipulation and Order dated _____, 2005 entered in an action entitled *David Schalk, M.D. v. Bayhealth Medical Center, Inc., Bayhealth, Inc. and Anestahealth, P.A.*, in the United States District Court for the District of Delaware, C.A. No. 04-321 GMS (the "Action") and understand and agree to be bound by its terms. I consent and agree to be subject to the authority of the United States District Court for the District of Delaware for purposes of enforcement of this Order and Agreement. I understand that unauthorized use or disclosure of documents or information subject to this Order and Agreement may be punished by monetary or other sanctions.

Such affidavit shall be maintained by the party who provides access to the confidential

10. If a party objects to any Confidential Material designation, it shall advise the appropriate party in writing of its objection and the basis for the objection, and such party shall respond in writing within seven business days after receipt of notice. The parties will use their best efforts to resolve any such dispute. If, after the notice and response procedure set forth above, a dispute still exists, the party disputing the Confidential Material designation may apply to the Court to challenge such designation or for relief from any or all provisions of this Order and Agreement concerning such disputed Confidential Material. The confidential status of the documents or information at issue shall be maintained pending the Court's ruling on the motion.

11. Confidential Material may be offered in evidence at trial, subject to terms to be agreed upon by the parties or ordered by the Court prior to the trial of the action. Nothing in this Order and Agreement shall operate as an admission by any party that any particular Confidential Material is, or is not, admissible at a full hearing.

12. Nothing contained in this Order and Agreement shall be construed to waive or create any rights to the use of, or prejudice any party's right to the use of any information or documents contained in its own files or that is otherwise not Confidential Material for any purposes and without complying with the terms of this Order and Agreement.

13. Production of any information or document pursuant to this Order and

respect to the subject matter thereof or information contained therein, and shall not waive the right of the non-parties to object to the use of any such information or document contained therein during any subsequent proceeding.

      14.    The provisions of this Order and Agreement shall not terminate at the conclusion of this action. Within 30 days after the final conclusion of all aspects of the action, including all appeals, all documents and information subject to this Order and Agreement and all copies of same, and all documents containing or referring to such documents or information, but excluding any materials which in the good faith of counsel are work product materials, shall either be returned to the producing party or person or destroyed.

ABER GOLDLUST BAKER & OVER

*/s/ Gary W. Aber*

Gary W. Aber (No. 754)
707 King Street, Suite 600
P.O. Box 1675
Wilmington, DE 19899
Telephone: 302-472-4900
Facsimile: 302-472-4920
Attorneys for Plaintiff David Schalk, M.D.

Dated: 3/28/05

LEBAU & NEUWORTH, LLC

_____
Stephen B. Lebau (admitted *pro hac vice*)
606 Baltimore Avenue - #201
Baltimore, MD 21204
Telephone: 410-296-3030
Facsimile: 410-296-8660
Attorneys for Plaintiff David Shalk, M.D.

Dated: 3-18-05


STEVENS & LEE, P.C.

_____
Joseph Grey (No. 2358)
~~300 Delaware Avenue, Suite 800~~  1105 North Market St.
Wilmington, DE 19801                Seventh Floor
Telephone: 302-654-5180
Facsimile: 654-5181
Attorneys for Defendants Bayhealth Medical Center, Inc. and Bayhealth, Inc.

Dated: April 5, 2005


SMITH, KATZENSTEIN & FURLOW LLP

_____
Laurence V. Cronin (No. 2385)
800 Delaware Ave, 7th Floor
P.O. Box 410
Wilmington, DE 19899
Telephone: 302-652-8400

SO ORDERED this _____ day of _____, 2005.


_____
UNITED STATES DISTRICT JUDGE